UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MARCUS MATTHEWS, # 623952, | ) |
| Petitioner, | ) Case No. 1:08-cv-1114 |
| v. | ) Honorable Paul L. Maloney |
| THOMAS BIRKETT, | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted by guilty plea of second-degree murder, arson of a dwelling, and unlawful driving away of an automobile. He was sentenced on October 9, 2006, in the Ingham County Circuit Court to concurrent terms of 40-to-60 years, 10-to-20 years, and 3-to-5 years' imprisonment. On direct appeal, his attorney raised two issues concerning petitioner's competence at the time of the plea and sentencing. The state Court of Appeals denied review for lack of merit on the grounds presented. Petitioner pursued a *pro se* application for leave to appeal to the state Supreme Court, which was denied by standard order entered May 27, 2008.

On November 28, 2008, petitioner initiated this *pro se* habeas corpus action, raising the same two claims that were rejected on direct appeal. By report and recommendation dated March 8, 2011, I concluded that the habeas corpus claims were meritless and recommended denial of the petition. Petitioner thereafter sought and was granted an extension of time until April 25, 2011, in which to file objections to the report and recommendation. On April 25, 2011, instead of filing

objections, petitioner moved for a stay of proceedings, so that he can return to the state courts for purposes of exhausting an unpleaded claim for ineffective assistance of appellate counsel. For the reasons set forth below, I recommend that petitioner's request for a stay be denied.

## Discussion

A district court has discretion to stay a habeas corpus proceeding when a petitioner presents a "mixed petition," that is, one presenting both exhausted and unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state remedies, but imposed two procedural limitations upon the granting of a stay. First, the petitioner must show "good cause" for his failure to exhaust remedies on direct appeal. Second, petitioner must demonstrate that the unexhausted claims are not "plainly meritless." 544 U.S. at 277-78; *accord Hodge v. Haeberlin*, 579 F.3d 627, 638 (6th Cir. 2009).

Petitioner has not established entitlement to a stay of proceedings under the foregoing authorities. First, he has not presented a mixed petition. The petition in this case asserts the same two alleged trial-court errors that were raised and rejected on direct appeal. To seek the relief of a stay of proceedings under *Rhines*, the petitioner must first seek and be granted leave to amend his petition to assert his unpleaded, unexhausted claim. The claim that petitioner proposes to raise is as follows:

> PETITIONER WAS DENIED HIS U.S. CONST. AMEND. 6 AND 14 RIGHTS BY APPELLATE COUNSEL'S FAILURE TO SUBMIT A COPY OF THE PETITIONER'S MEDICAL RECORDS THAT SUBSTANTIATE HIS APPELLATE CLAIM THAT HE WAS INCOMPETENT AT THE TIME OF SENTENCING AND WAS DEPRIVED OF RIGHT TO MEANINGFUL ALLOCUTION DUE TO LACK OF COMPETENCY.

(Motion, docket # 33, ¶ 5). Petitioner would not be allowed to amend his habeas corpus petition to assert this claim, however, because it is clearly barred by the statute of limitations.

A habeas corpus petitioner is generally accorded a one-year period in which to file a habeas corpus petition in the federal court. 28 U.S.C. § 2244(d)(1). In the present case, the operative one-year period is provided by section 2241(d)(1)(A), which requires a petition to be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Supreme Court denied leave to appeal by order entered May 27, 2008. Petitioner did not seek *certiorari* in the United States Supreme Court, but the 90-day period in which he could have done so delayed the commencement of the one-year limitations period. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007). The 90-day period expired on August 25, 2008. The limitations period therefore expired on August 25, 2009. That period was not tolled by the initiation of this habeas corpus proceeding. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The first time petitioner mentioned a claim of ineffective assistance of appellate counsel was his motion to hold this matter in abeyance, filed on April 25, 2011, a year and a half after the statute of limitations expired.

Pursuant to 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the Rules of Procedure applicable to civil actions." The civil rules provide that an amendment relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the "conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." FED. R. CIV. P. 15(c)(1)(B). The Supreme Court applied this language to habeas corpus petitions in *Mayle v. Felix*, 545 U.S. 644 (2005). The Court rejected the argument that the "conduct, transaction, or occurrence" at issue in a section 2254 action should be defined so broadly as to

include any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction. Rather, relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. Applying *Mayle*, the federal courts have repeatedly held that a later filed claim of ineffective assistance of appellate counsel does not relate back to the date of the original petition, when the original petition raises only trial-court error. *See, e.g., United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005); *Diaz v. Graham*, No. cv-07-5379, 2011 WL 1303924, at * 3 (E.D.N.Y. Mar. 31, 2011); *Cox v. Curtin*, 698 F. Supp. 2d 918, 931-32 (W.D. Mich. 2010) (claims of ineffective assistance of appellate counsel do not relate back to original petition, which raised only ineffective assistance of trial counsel); *United States v. Stover*, 576 F. Supp. 2d 134, 140 (D.D.C. 2008) (same); *Williams v. Harrison*, No. 05-cv-2150, 2007 WL 1110910, at * 6 (S.D. Cal. Mar. 28, 2007) ("Because the original Petition does not contain any claim concerning appellate counsel, the first new claim does not relate back.").

A stay and abatement of this proceeding is therefore not warranted, because petitioner does not and cannot meet the requirement of *Rhines* that the unexhausted claims have facial merit. Petitioner's unexhausted claim is plainly meritless, as it is barred by the statute of limitations. Any assertion of a claim of ineffective assistance of appellate counsel would be untimely, and that claim does not relate back under *Mayle*, because it does not arise from the same conduct, transaction, or occurrence as the claims in the original petition. Consequently, a stay of these proceedings to exhaust a plainly time-barred claim would be pointless.

**Recommended Disposition**

For the foregoing reasons, I recommend that petitioner's motion to hold his habeas petition in abeyance (docket # 33) be denied.


Dated:  April 27, 2011                             /s/  Joseph G. Scoville
                                                   United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).